**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **B.W.,** ***an individual,*** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **Case No. 2:24-cv-4058** |
| **v.** | : | |
| | : | **Judge Algenon L. Marbley** |
| **RED ROOF INNS, INC.,** ***et al.,*** | : | |
| | : | **Magistrate Judge Kimberly A. Jolson** |
| **Defendants.** | : | |

**OPINION AND ORDER**

This case comes before the Court on two matters: (1) the Court's Order to Show Cause directing Plaintiff B.W. to explain why her case should not be dismissed with prejudice under Rule 41(b) after she failed to appear for a March 4, 2026 deposition and ceased contact with her own counsel, (ECF No. 65 at 1–2); and (2) Defendants' Motion for Sanctions, (ECF No. 45). For the following reasons, the Court *sua sponte* **DISMISSES** Plaintiff's action for failure to prosecute. Defendants' Motion for Sanctions is **DENIED**.

## I. BACKGROUND

Plaintiff B.W., proceeding anonymously, sued Defendants Red Roof Inns, Inc. and Red Roof Franchising, LLC on October 12, 2024, alleging violations of the Trafficking Victims Protection Reauthorization Act, 18 U.S.C. § 1595(a). (Compl., ECF No. 1 ¶¶ 41–42, 55–63). She claims to have been trafficked for commercial sex at a Red Roof Inn in Seattle, Washington. (*Id.* ¶ 58). Although B.W. was a resident of Lakewood, Washington, she elected to elected to file her suit in the U.S. District Court for the Southern District of Ohio because the Defendants are headquartered here. (*Id.* ¶¶ 26, 28–32, 58).

### A. Motion for Sanctions

During the discovery process, Defendants noticed a deposition for B.W. Plaintiff's counsel requested that B.W.'s deposition take place in Washington state, representing in February 2026 that B.W. was "serving as the primary caregiver for her sick aunt" and thus was "unable to travel" at the time. (ECF No. 45-2). They asked that B.W.'s deposition take place on either March 4, 2026 or March 5, 2026. (*Id.*). Defendants' counsel accommodated this request, noticing a deposition to take place on March 4, 2026. (ECF No. 45-3).

B.W. failed to appear at her deposition, and Plaintiff's counsel refused to reimburse the travel expenses incurred by defense counsel. Thus, on March 20, 2026, Defendants moved for sanctions. (ECF No. 45 at 1). Plaintiff's counsel opposed, (ECF No. 48), and Defendants replied. (ECF No. 51). Plaintiff's counsel also requested a stay of this litigation for six months so that B.W. could "address her mental health to continue with this litigation." (ECF No. 47 at 1).

### B. Denial of Stay; Order to Show Cause

In light of the motion for sanctions and motion for a stay, the Magistrate Judge scheduled a status conference for May 5, 2026, and ordered Plaintiff B.W. "to appear telephonically with her counsel." (ECF No. 53). B.W. failed to appear. The Magistrate Judge then cautioned B.W. that she risked sanctions—including dismissal—should she fail to participate in her case. The Magistrate Judge also ordered Plaintiff's counsel to notify the Court regarding B.W.'s participation in this case. (ECF No. 57 at 1–2).

Over the following months, B.W. did not reengage in her case. In a June 4, 2026 Status Report, Plaintiff's counsel represented that they had "limited" communication with B.W. due to B.W.'s "lack of responsiveness," indicating that they had some "indirect communication through Plaintiff's grandmother and subsequent communication with Plaintiff through Facebook

Messenger." (ECF No. 60 at 1). In fact, the only meaningful contact between B.W. and her attorneys since May 5 constituted Facebook messages B.W. sent to a paralegal on May 13 and 14, explaining that B.W.'s aunt had passed away, B.W. was struggling to cope, and that B.W. understood her obligations to remain engaged in the litigation process. (ECF No. 60-1 ¶¶ 10–13). The parties' joint July 7, 2026 Status Report did not indicate any further progress on this issue. (*See* ECF No. 63).

The Court issued a Show Cause Order on July 13, 2026. The Show Cause Order required B.W. to explain why her case should not be dismissed with prejudice for failure to prosecute pursuant to Fed. R. Civ. P. 41(b). (ECF No. 65 at 4). The Court also ordered Plaintiff's counsel to submit a sworn update regarding the status of their contact with B.W., detailing all efforts they had made since June 4, 2026 to secure B.W.'s participation in this case, and clarifying whether they could confirm that any purported instance of contact with B.W. had in fact been an instance of contact with B.W. (*Id.*). Simultaneously, the Court denied the requested stay of the case. (*Id.* at 1–4).

Plaintiff's counsel duly responded to the Show Cause Order, requesting that the Court instead dismiss this case without prejudice, (ECF No. 68 at 9), and notifying the Court that they had attempted to contact B.W. "via text message, email, and voicemail" on July 15, 18, 20, 21, 28, and 29, but B.W. did not respond to these repeated outreach attempts, nor had she responded to her attorneys since May 19, 2026. (Hall Decl., ECF No. 68-1 ¶¶ 5–6). They also confirmed that B.W. "has been warned several times that this case could be dismissed if she continues to fail to engage, including through multiple letters sent to her via FedEx and confirmed as delivered." (*Id.* ¶ 8). Defendants did not take a position on the Show Cause Order, indicating that they would

"await . . . the Court's decision regarding the fate of Plaintiff's case before taking further action." (ECF No. 66 at 1).

## II. LAW & ANALYSIS

### A. Failure to Prosecute

The Court first considers whether *sua sponte* to dismiss B.W.'s case for failure to prosecute this action after she failed to attend her deposition on March 4, failed to appear as ordered at a status conference before the Magistrate Judge, and failed to respond to the Court's Order to Show Cause. Here, dismissal is appropriate and warranted given B.W.'s apparent disinterest in prosecuting her case, as well as her flagrant and inexcusable disregard for Court orders.

#### *1. Rule*

The Court has inherent authority to dismiss a plaintiff's action with prejudice for her own failure to prosecute the case. Rule 41 of the Federal Rules of Civil Procedure codifies how this dismissal would function, providing:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) . . . operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b). Although the language of this rule "appeared to require a motion from a party," the Supreme Court has explained that "a federal district court has the inherent power to dismiss a case *sua sponte* for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962)). The Supreme Court's decision in *Link*, endorsed by *Chambers*, "makes it clear that the power to dismiss for want of prosecution is an inherent power of the district court, a proposition that courts often repeat, and that Rule 41(b) merely codifies this power in part." 9 Wright & Miller's Federal Practice and Procedure § 2370 (4th ed. 2026). "This measure is available to the district court as a tool to effect

management of its docket and avoidance of unnecessary burdens on the tax-supported courts and opposing parties." *Knoll v. Am. Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

Within the Sixth Circuit, courts consider four factors when deciding whether to dismiss an action for failure to prosecute:

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the party's conduct; (3) whether the party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). "Although typically none of the factors is outcome dispositive . . . a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Id.* (quoting *Knoll*, 176 F.3d at 363).

### ***2. Analysis***

For the first factor, the plaintiff's actions "must display either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings." *Id.* (citation omitted). Here, as Plaintiff's counsel candidly acknowledges, B.W.'s failure "to attend the conference ordered by Magistrate Judge Jolson even though she had a certified letter from [Plaintiff's counsel] about that Order" was "unacceptable conduct." (ECF No. 68 at 5). B.W.'s failure to adhere to the Magistrate Judge's Order has left the Court without an explanation for why she also failed to appear for her noticed deposition. Indeed, B.W.'s absence from Court-ordered proceedings and failure to respond to outreach from her own counsel demonstrates a reckless disregard for court proceedings. This is particularly egregious given that she apparently confirmed that she understood "her obligation to remain engaged in the litigation process" in a communication with her law firm in May, *after* she had missed her March 4 deposition and the Court-ordered May 5 Status Conference. (Hall Decl., ECF No. 60-1 ¶ 12). On this record, it is

hard to see how B.W.'s conduct could be viewed other than being "stubbornly disobedient and willfully contemptuous," demonstrating "a clear record of delay and contumacious conduct." *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997); *cf. Pender v. Flying S. Wings, Inc.*, 2025 WL 2772628, at *2 (S.D. Ohio Sept. 29, 2025) (Marbley, J.) (where plaintiff failed "to appear at his scheduled depositions and eventually ceased communication with Plaintiff's counsel," the first factor favored dismissal). Contrary to the arguments of Plaintiff's counsel, (*see* ECF No. 68 at 3–5), B.W.'s active participation in her case prior to March 4 is irrelevant when her more recent conduct is at issue. This factor plainly favors dismissal.

As to the second factor, "a defendant is prejudiced by the plaintiff's conduct where the defendant wasted time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer*, 529 F.3d at 737 (cleaned up). This is unquestionably the case here, where B.W. failed to show up at her own noticed deposition after seeking and receiving multiple accommodations from defense counsel regarding the time and location of the deposition. (*See* ECF Nos. 49-1; 49 at 2). B.W.'s absence from her case has undoubtedly delayed its progress. Since she disappeared, the Defendants have sought sanctions for their fruitless travel, and her attorneys (unsuccessfully) sought to stay the case in its entirety on her behalf. Now, it is true that the Court has no reason to doubt that Plaintiff's attorneys were equally surprised when B.W. failed to appear for her deposition. But any suggestion by Plaintiff's counsel that Defendants were not prejudiced belies belief, particularly when Plaintiff's counsel next asserts that *they* expended time and money to travel to and wait for a deposition that never occurred. (*See* ECF No. 68 at 5–7). This factor also favors dismissal.

For the third factor, "prior notice" of the possible sanction, "or the lack thereof, is . . . a key consideration." *Schafer*, 529 F.3d at 737 (cleaned up). Plaintiff's counsel concedes that B.W.

"has been warned that this case could be dismissed if she continues to fail to engage." (ECF No. 68 at 7). Aside from warnings from her own counsel, B.W. was expressly cautioned by the Magistrate Judge on May 5 that should she fail to participate in her case, "she risks sanctions up to and including dismissal" under the Court's inherent authority or Rule 41(b), which would "operate[] as an adjudication on the merits." (ECF No. 57 at 1–2) (citations and internal quotation marks omitted). From that time, over two months elapsed before the Court ordered her to show cause why her case should not be dismissed with prejudice. (ECF No. 65 at 4). B.W. has received many notices and ample time to reengage in her case. It is uncontroverted that this favors dismissal.

Finally, the fourth factor asks the Court to consider "whether less drastic sanctions are available," *Pender*, 2025 WL 2772628, at *2, because "where the district court has not manifested consideration of less drastic sanctions, it is more difficult, although not impossible . . . to conclude that the district court exercised its discretion with appropriate forethought." *Harmon*, 110 F.3d at 368. Still, the Court need not "incant a litany of the available lesser sanctions," given the "general assumption . . . that federal district judges apply both the law and common sense." *Id.* at 368–69.

Plaintiff's counsel argues that less drastic sanctions are available in the form of dismissal without prejudice under Rule 41(a)(2). (ECF No. 68 at 7–9). They contend that B.W. "has suffered personal trauma, including harm described in her Complaint and the recent loss her of aunt, which has impacted her ability to communicate with counsel and participate in this litigation." (*Id.* at 8). So, they say that dismissal without prejudice would permit B.W. "to re-file her claims at such time as she is able to meaningfully participate in the prosecution of her case." (*Id.*).

This argument has some appeal, as B.W.'s allegations, if proven, are "obviously one[s] of great civil wrong." *James v. Jacobson*, 6 F.3d 233, 242 (4th Cir. 1993). The Court is well-versed

in the harms that the victims of sex trafficking suffer. Still, B.W. elected to bring these claims, and the Court cannot assume counsel's hypothesis as to why B.W. has failed to prosecute her case are why she has failed to adhere to a Court order, attend her deposition, or even communicate with her own attorneys. As Plaintiff's counsel admits, they are out of contact with their client.

The Court has considered lesser sanctions, including the recommendation of dismissal without prejudice. Lesser sanctions would not be appropriate in this case, given the record demonstrating B.W.'s cavalier disregard towards Court orders. To the extent that her minimal contact with her counsel in May can be considered "proceeding" in this case at all, she has deliberately proceeded in a "dilatory fashion" by failing to appear for her deposition, ignoring a Court order, and brushing off her own attorneys' attempts to contact her. *Link*, 370 U.S. at 633. To further entertain this action would undermine the Court's ability to "achieve the orderly and expeditious disposition of cases," *id.* at 631, including many other similar cases where plaintiffs are actively seeking redress. Further consideration of B.W.'s claims would also fail to impose an appropriate sanction for undoubtedly egregious conduct: the failure to appear to a noticed deposition, the failure to engage in a case with an adverse motion for sanctions pending, the failure to attend a Court-ordered conference, and the failure to respond to an Order to Show Cause. If "[t]he failure to respond to a motion to dismiss for failure to prosecute may be a particularly aggravating factor that will weigh heavily in the judge's decision," 9 Wright & Miller's Federal Practice and Procedure § 2370 (4th ed. 2026), B.W.'s failure to engage in her case in this way, along with her failure to even speak with her own attorneys, similarly frustrates the Court. The Court has been generous and patient, and less drastic sanctions would be of no use at this point.

B.W.'s last participation in this case was prior to March 4, 2026, when she failed to attend her own deposition. It has been well over five months since the abortive deposition, and B.W. has

ignored the Court and her own attorneys. This "lengthy period of inactivity by the plaintiff" also suffices "to justify a dismissal for failure to prosecute under Rule 41(b)," particularly considering the circumstances of this case. *Id.*; *see id.* n.31 (collecting cases); *e.g.*, *Davis v. Kent State Univ.*, 928 F. Supp. 729, 733 (N.D. Ohio 1996) (dismissal after more than six months of inactivity); *Hubbard v. Parkplace Homes, LLC*, 2022 WL 17095908, at *3 (E.D. Ky. Nov. 21, 2022) (dismissal after six months of inactivity); *Macklin v. Dollar General*, 2020 WL 7090682, at *3 (W.D. Tenn. Dec. 3, 2020) (dismissal after six months of inactivity); *Poole v. Nassau Cnty. Sheriffs Dep't*, 2010 WL 5559506, at *2 (E.D.N.Y. Dec. 28, 2010) (dismissal after five months of inactivity); *Denslow v. Coll*, 2012 WL 5989848, at *2 (E.D.N.Y. Nov. 29, 2012) (dismissal after seven months of inactivity and failure to comply with show-cause orders); *Toliver v. Okvist*, 2014 WL 2535111, at *2 (S.D.N.Y. June 5, 2014) (dismissal after more than a month's delay in submitting pretrial order), *report and recommendation adopted*, 2015 WL 8543103 (S.D.N.Y. Dec. 10, 2015); *Toliver v. City of New York*, 2014 WL 2519316, at *2 (S.D.N.Y. June 4, 2014) (dismissal after more than three months' delay in submitting pretrial order), *report and recommendation adopted*, 2014 WL 2870315 (S.D.N.Y. June 24, 2014), *aff'd sub nom. Toliver v. New York City Dep't of Corr.*, 607 F. App'x 109, 110 (2d Cir. 2015).

There is no need for the taxpayer to subsidize further Court attention to a suit where the plaintiff has lost interest. B.W.'s complaint is dismissed pursuant to Fed. R. Civ. P. 41(b). This dismissal operates as an adjudication on the merits and is with prejudice.

**B. Sanctions**

The Court turns to Defendants' pending request for sanctions. The Defendants seek their expenses resulting from B.W.'s no-show deposition. They argue that these expenses are warranted pursuant to Federal Rule of Civil Procedure 37(d)(1) and (d)(3). Although Rule 37(d)(3) contains

mandatory language suggesting that fees and expenses must be awarded, the Defendants have disclaimed these expenses as against B.W., and the Court is not required to assess them against Plaintiff's counsel. Accordingly, this motion for sanctions is denied.

Rule 37(d) provides that "[t]he court where the action is pending *may*, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i) (emphasis added). In doing so, the Court can employ some of the sanctions used for failure to comply with a discovery order. Fed. R. Civ. P. 37(d)(3) (citing Fed. R. Civ. P. 37(b)(2)(A)(i)–(iv)). But that is not the only form of sanctions available under this rule. "Instead of or in addition to these sanctions, the court *must* require the party failing to act, the attorney advising the party, *or* both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." *Id.* (emphasis added).

***1. Parties' Positions***

In their motion for sanctions, Defendants seek $2,728.03 in expenses "from Plaintiff's counsel—not Plaintiff." (ECF No. 45 at 1, 5). They argue that Rule 37(a)(3) provides that they are "entitled to these costs from [Plaintiff's] counsel." (*Id.* at 5). Defendants do not invoke any other legal basis for their request. They simply advance equitable arguments, pointing out that they traveled to Tacoma, Washington at B.W.'s request and ultimately for nothing, when the deposition otherwise could have occurred in Columbus. (*Id.* at 4).

Plaintiff's counsel counters that Defendants misread the text of the Rule. They contend that Rule 37 does not mandate sanctions on counsel under these circumstances, particularly because they were just as surprised as Defendants when B.W. did not show up. (ECF No. 48 at 1–2). They note that Defendants expressly disclaimed sanctions against B.W. personally, (*id.* at

4), and argue that sanctions against counsel must fail on the merits because they did not engage in misconduct, the motion was not brough against specific lawyers, their conduct was substantially justified, and other circumstances would make the award unjust. (*Id.* at 5–9).

In reply, Defendants backtrack, claiming that they have not disclaimed sanctions against B.W. Instead, they propose that it is up to the Court to determine whether B.W., her attorneys, or both B.W. and her attorneys should bear the costs. (ECF No. 51 at 1–4). They concede that Rule 37 does not permit sanctions against entire law firms, but suggest that they "plainly refer[red] to the individual attorneys who are B.W.'s counsel of record in this case: Steven C. Babin, Jr., and Penny Barrick." (*Id.* at 4). In a footnote, they further suggest that the Court "could exercise its authority to direct" Monique Hall, "an attorney employed by Babin Law, LLC" to pay sanctions under Rule 37 even though she was not counsel of record at the time of the motion for sanctions, because Hall represented B.W. at the deposition and conveyed the refusal to reimburse travel costs. (*Id.* at 4 n.4). Finally, Defendants retort that sanctions could not be unjust under the circumstances, where B.W.'s failure to appear is central and unjustified. (*Id.* at 5–6).

### *2. Analysis*

It is left to the Court to determine whether to award defense counsel's expenses—as a sanction for B.W.'s failure to attend her deposition—against B.W., Plaintiff's counsel, or both. After considering the arguments on this issue, the Court will not award the requested sanctions against Plaintiff's counsel.

As a threshold matter, Defendants' belated request in their reply brief for sanctions against B.W. fails. Defendants initially disclaimed sanctions against B.W., electing instead to seek sanctions against Plaintiff's counsel. They may not shift the goalposts on reply and alternatively seek sanctions against B.W., because "it is well established that a moving party may not raise new

issues for the first time in its reply brief." *Bishop v. Oakstone Academy*, 477 F. Supp. 2d 876, 889 (S.D. Ohio 2007) (Marbley, J.) (collecting cases). Whatever the merits of Defendants' alternative arguments, the Court will not hear them for the first time on reply to this motion, because B.W. never had an opportunity to oppose them.[1] *See Harris v. Lenawee Cnty.*, 2007 WL 4247639, at *1 (E.D. Mich. Dec. 4, 2007) ("[T]he rule clearly also applies where a party completely changes in its reply brief the relief that it originally sought in its motion," because "the opposing party has not had an opportunity to respond to the movant's request.").

Without B.W. as a possible avenue for sanctions, the only remaining option is for the Court to award sanctions against Plaintiff's counsel. *See* Fed. R. Civ. P. 37(d)(3). There is no dispute that Babin Law, LLC cannot be sanctioned, because "Rule 37 does not allow for sanctions against a law firm, unless it is a party." *NPF Franchising, LLC v. SY Dawgs, LLC*, 37 F.4th 369, 383 (6th Cir. 2022). By contrast, the Court could sanction "individual attorneys." *Id.* at 382. Nevertheless, the Court will not do so in this particular case.

Generally, sanctions under Rule 37(d) are discretionary, not mandatory. *Oro BRC4, LLC v. Silvertree Apartments*, 2021 WL 2373667, at *4 (S.D. Ohio June 10, 2021) (Deavers, M.J.) ("A court has wide discretion in determining an appropriate sanction under Rule 37."); *accord Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642–43 (1976) (explaining that courts need the ability to issue a range of sanctions). It is true that the award of attorney's fees and expenses appears separately, and in mandatory language. *Oro*, 2021 WL 2373667, at *7–8. But that mandatory language is predicated by the Court issuing sanctions under Rule 37(d)(1), and is provided as a "type" of sanction available. Fed. R. Civ. P. 37(d)(3). Despite the apparently

[1] B.W.'s opportunity to respond is a bit of a procedural fiction in this case. Nevertheless, Plaintiff's counsel did respond in opposition on B.W.'s behalf.

mandatory language, the Sixth Circuit has at times characterized Rule 37(d) as "authoriz[ing] the court to award attorneys' fees and expenses resulting from one's failure to attend a deposition," rather than necessarily requiring it. *Jackson v. Nissan Motor Corp. in USA*, 1989 WL 128639, at *3 (6th Cir. Oct. 30, 1989) (per curiam). The Court remains "vested with wide discretion to determine an appropriate sanction, *if any*." *Stokes v. Cnty. of Wayne*, 2025 WL 3091817, at *6 (E.D. Mich. Nov. 5, 2025) (emphasis added). The Court credits the declaration of Plaintiff's counsel that they had "every reason to believe [B.W.] would appear at her deposition as scheduled," were "caught by surprise when [B.W.] did not attend the deposition," and "did not advise [B.W.] to skip her deposition." (Hall Decl., ECF No. 48-1 ¶¶ 6, 8–9). Imposition of attorney's fees or expenses on Plaintiff's counsel as a sanction for B.W.'s nonappearance would appear substantially unjust, especially given there is no indication that Plaintiff's counsel was "advising" B.W. insofar as her failure to appear is concerned. Fed. R. Civ. P. 37(d)(3).

Ultimately, though, whether a sanction against Plaintiff's counsel would be just or equitable is somewhat beside the point. Defendants have undermined their entitlement to relief by the form of relief they sought. While the Court might generally be required to assess attorney's fees or expenses as a sanction against either B.W. or Plaintiff's counsel under Rule 37(d)(3)'s mandatory language, Defendants disclaimed fees against B.W. The Court is therefore not obligated to impose sanctions. The mandatory language of Rule 37(d)(3) requires the Court impose sanctions against a litigant *or* that litigant's counsel in appropriate circumstances, but nowhere does the rule suggest a movant can unilaterally divest the Court of that discretion by disclaiming certain sanctions. Defendants brought this motion and controlled the contours of the relief they requested, *Harris*, 2007 WL 4247639, at *1, but not how the Court will fashion that relief. They cannot complain that they were not awarded attorney's fees for their expenses

associated with B.W.'s failure to attend her deposition when they explicitly sought the fees from Plaintiff's counsel, but *not* B.W.

## III. CONCLUSION

Plaintiff B.W.'s failure to prosecute her case is inexcusable, and the Court will not permit her to maintain this action further or bring it again in the future when she has repeatedly flaunted Court orders. Therefore, her complaint is **DISMISSED WITH PREJUDICE** as a sanction pursuant to the Court's inherent authority, and in accordance with Fed. R. Civ. P. 41(b). The Clerk of Court is **DIRECTED** to close the case.

The Court sympathizes with Defendants that their time and resources were expended to travel to Washington, at B.W.'s behest, for a deposition that never occurred. That is inexcusable. But Defendants have not shown why Plaintiff's counsel should be sanctioned for B.W.'s absence. In seeking expenses under Fed. R. Civ. P. 37(d)(3), Defendants cannot force the Court's hand by strategically pursuing sanctions against counsel but not the party, because the imposition of sanctions against a party or attorney is left to the Court's discretion. Defendants' Motion for Sanctions (ECF No. 45) is **DENIED**. The Court commends all counsel for maintaining a productive working relationship across these cases in the past. (*See* ECF Nos. 48 at 2; 51 at 2 n.3). The Court expects that all counsel will continue to work collaboratively and in good faith to resolve issues extrajudicially wherever possible.

Finally, Counsel for the Defendants are **REMINDED** they must adhere to the Local Rules and ensure that their briefing papers have "each page numbered consecutively" S.D. Ohio Civ. R. 5.1(a).

**IT IS SO ORDERED.**

**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED: September 3, 2026**